UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
JUL 2 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

ISAIAH THOMAS NEW
Plaintiff,

v.

25 CV 578-S

OFFICER WILLIAM C. MACY (Badge P3417), OFFICER JOSEPH R. HASSETT (Badge 962), "RJ", JOAN DOE, TEMPLE BETH ZION, BUFFALO POLICE DEPARTMENT and THE CITY OF BUFFALO,
Defendants.

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff hereby moves this Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent the Buffalo Police Department from further violating Plaintiff's civil rights. In support of this motion, Plaintiff states as follows:

1. Plaintiff has demonstrated good cause for the issuance of a protective order. Defendants Lieutenant William Macy and Officer Joseph Hassett, acting under color of state law, violated Plaintiff's First, Fourth, and Fourteenth Amendment rights by forcibly removing him from a religious service based on his race and using excessive force. *See Lennox v. Miller*, 968 F.3d 150, 157 (2d Cir. 2020) ("[I]t was well established at the time of the incident that the use of entirely gratuitous force is unreasonable and therefore excessive.").
2. The Buffalo Police Department has a history of misconduct, abuse, and discrimination, particularly against Black and Latino communities, as evidenced by multiple lawsuits and complaints. *See, e.g.*, Hogues v. City of Buffalo (alleging false arrest and excessive force); Guan v. City of New York, No. 20-4002 (2d Cir. 2022) (discussing standards for false arrest claims); Fraser v. City of New York, 20-CV-5741 (E.D.N.Y. 2022) (denying motion to dismiss Monell claim for inadequate training where plaintiff cited other examples of similar misconduct).
3. Defendant Officer Hassett has an extensive history of misconduct, including:
a) 21 complaints to Internal Affairs in 11 years, resulting in two suspensions and two reprimands. *See*OpenOversight, Joseph R. Hassett, https://openoversight.com/officers/84091.
b) Allegations of assault, filing false statements, and official misconduct. *Id.*
c) Being barred from testifying in criminal cases due to damaged credibility. *Id.*; *see also* People v. Garrett, 23 N.Y.3d 878, 886 (2014) (discussing the impact of police misconduct on credibility).
d) Specific incidents and **grand jury indictments** of excessive force, false arrest, and falsifying reports. *See* OpenOversight, Joseph R. Hassett, https://openoversight.com/officers/84091.

4. Despite this history, the Buffalo Police Department has failed to adequately discipline or supervise Officer Hassett, allowing him to continue engaging in misconduct. *See* Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012) ("A municipality's deliberate indifference to the risk that its employees will violate constitutional rights can be established by a showing of a pattern of misconduct.").
5. A protective order is necessary to prevent further violations of Plaintiff's civil rights and to ensure his safety and well-being. *See* Dancy v. McGinley, 843 F.3d 93, 111 (2d Cir. 2016) (discussing the importance of injunctive relief in preventing future constitutional violations).

WHEREFORE, Plaintiff respectfully requests that this Court enter a protective order:

a) Enjoining the Buffalo Police Department from further violating Plaintiff's civil rights;
b) Requiring the Buffalo Police Department to implement anti-discrimination and de-escalation training for all officers, with a focus on interactions with communities of color;
c) Mandating the use of body cameras by all on-duty Buffalo police officers and establishing strict protocols for their activation and footage retention;
d) Ordering the Buffalo Police Department to conduct a thorough investigation into Officer Hassett's history of misconduct and take appropriate disciplinary action, up to and including termination;
e) Requiring the Buffalo Police Department to establish an independent civilian oversight board to review complaints of police misconduct and recommend disciplinary action; and
f) Granting such other relief as the Court deems just and proper.

Dated: June 25, 2025

Respectfully submitted,

/S/ ISAIAH THOMAS NEW
PO BOX 209
BUFFALO, NY 14215