UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ISAIAH THOMAS NEW,

Plaintiff,

vs.

OFFICER WILLIAM C. MACY, et al.,

Defendants.
_____

Civil Action No.: 25-cv-00578

---

**CITY DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO THE PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER**

---

CAVETTE A. CHAMBERS, ESQ.
Corporation Counsel
*Attorneys for the City Defendants*

By: Robert E. Quinn
Assistant Corporation Counsel
1103 City Hall : 65 Niagara Square
Buffalo, New York 14202

**PRELIMINARY STATEMENT**

This Memorandum of Law is offered by the Defendants, City of Buffalo and Buffalo Police Department in opposition to the Plaintiff's "Motion for Protective Order", which should be denied based on their failure to submit any admissible evidence in support of this request. Specifically, it appears that Plaintiff is relying solely on an unsworn "MOTION FOR PROTECTIVE ORDER", and he therefore cannot meet the evidentiary burden for the relief requested.

Moreover, even putting the lack of admissible evidence aside, the Motion should be denied based on the failure to allege facts sufficient to support a claim for the "extraordinary and drastic remedy" of injunctive relief. Specifically, the broad and conclusory claims, which are specifically disputed herein, have not come close to demonstrating an ultimate likelihood of success on the merits in this proceeding, and would not amount to the "real and immediate harm" in which injunctive relief is intended to protect. *Shain v. Ellison*, 356 F3d 211 (2d Cir., 2004).

Finally, Plaintiff's Motion should be denied in that it vaguely and broadly requests relief that is improper and not available under the allegations in his Complaint and Motion. Specifically, to the extent that the plaintiffs want this Court to order the City Defendants to take upon themselves a duty to somehow prevent arrests and dictate prosecutions or the judicial process, in facts and circumstances which are not fully before this Court, this relief is barred. Respectfully, federal courts have "no supervisory authority over the state courts and have no power to establish rules of practice for the state courts." *Wallace v. Kern*, 499 F.2d 1345 (2d Cir. 1974).

In fact, it has been held that in crafting equitable relief against any state entity, federal courts may not prescribe specifically the actions of a state entity to remedy future violations except as a last resort. *See, e.g., Knox v. Salinas,* 193 F.3d 123 (2d Cir. 1999). This is particularly true where the equitable relief at issue involves interfering with the state's judicial system. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604 (1975). Thus, to the extent that the Motion can be understood, and relates to matters contained within Plaintiff's Complaint, it should be denied as improper. The City Defendants also specifically dispute and note our opposition to the Plaintiffs' unsworn and unsupported allegations.

## LEGAL STANDARD

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).

To prevail on his claim for mandatory relief, the Plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015); *see also A.H. by and through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, *inter alia*, "make a strong showing of irreparable harm" absent injunctive relief and "demonstrate a clear or substantial likelihood of success on the merits").

The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). The Supreme Court has repeatedly stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded on a clear showing that the plaintiff is entitled to such relief. *Id.* (citation omitted).

In addition, allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with admissible evidence. *Torrez v. Semple*, No. 3:17-cv-1223(SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Cox v. Morley*, No. 9:20-CV-1235(GLS/CFH), 2020 WL 6781522, at *10 n.13 (N.D.N.Y. Nov. 18, 2020) ("any renewed request for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent"); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Finally, as one of the requirements for an award of preliminary injunctive relief is demonstration of a likelihood of success on the merits of his claims, Plaintiff's requests for preliminary injunctive relief must relate to the claims in the operative complaint. *See, e.g., DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *McMillian v. Konecny*, No. 9:15-CV-0241(GTS/DJS), 2018 WL 813515, at *2 (N.D.N.Y. Feb. 9, 2018)(relief

3

sought in motion for temporary restraining order or preliminary injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 3:17-cv-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

## ARGUMENT

*A. Plaintiff has not demonstrated a likelihood of success on the merits.*

A party is not entitled to injunctive relief unless there is also **proof** of a likelihood of succeeding on the merits of a claim, or **evidence** that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino,* 967 F.2d at 77. *Dillon v. City of New York*, 12 CIV. 7112 LAP, 2013 WL 3776167, at *1 (S.D.N.Y. July 18, 2013); *Harris v. Mills,* 572 F.3d 66, 73 (2d Cir.2009) (dismissing a claim for injunctive relief "even under the liberal standard of review for *pro se* proceedings.").

In the present case, Plaintiff has submitted only a "Motion" containing his request for injunctive relief and the vague and baseless statements he claims support this request. Plaintiff has therefore failed to submit **proof or evidence** which meets this standard. Respectfully, and reserving all rights, defenses, and arguments with respect to the allegations in his Complaint, Plaintiff has failed to demonstrate that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him. *Slacks v. Gray*, 9:07-CV-0510 NAM GJD, 2008 WL 2522075, at *1 (NDNY June 25, 2008).

4

As will be set forth in the City Defendants' Answer or dispositive motion in lieu of an answer, and with reservation of all rights, defenses, and arguments, these claims are strongly disputed and the City Defendants deny any alleged wrongdoing. Particularly where this Motion was made on short notice without any actual evidentiary support, and include matters which are not contained within the Complaint itself, this matter should proceed through discovery and/or dispositive motion practice where this Court will have a more fully developed evidentiary record on which to render a decision.

To this end, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 585 U.S. 155, 161 (2018) ("[T]he 'purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.'").

Because one of the issues presented by a motion for injunctive relief is whether the movant has shown a likelihood of success on the merits of a claim, the relief sought by a plaintiff in a motion for a temporary restraining order or preliminary injunction must relate to the claims of the plaintiff's complaint. *See Bain v. Hofmann*, 06-CV-0168, 2007 WL 1848035, at *3 (D. Vt. June 25, 2007) (denying a motion for injunctive relief because, "[t]he claims set forth in Bain's motion are not claims that were presented in either his initial or his amended complaints").

Here, to the extent that they can be understood, the Plaintiff's basis for his injunctive relief relates mostly to vague matters outside the scope of the Complaint, allegations which seemingly have nothing to do with him or any incident underlying the Complaint in this action. The request should therefore be denied.

*B. Plaintiff has not demonstrated actual, imminent, and irreparable harm.*

As to this second factor, with respect to the generally alleged threatening behavior, harassment, and threats, the City Defendants submit that under the applicable precedent, allegations of future injury without more do not establish a real threat of injury. *Gibson v. Walker,* 95–CV–1649, (N.D.N.Y. Dec. 7, 1995) (DiBianco, M.J.) (Docket No. 6), *adopted,* (Docket No. 8) (Feb. 2, 1996) (citing *Garcia v. Arevalo,* No. 93–CV–8147, 1994 WL 383238 (S.D.N.Y. June 27, 1994)).

"The irreparable harm necessary to support injunctive relief must be 'actual and imminent,' not 'remote [or] speculative.' " *Young–Flynn v. Wright,* No. 05 Civ. 1488, 2007 WL 241332, at 7 (S.D.N.Y. Jan. 26, 2007) citing *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 153 (2d Cir.1999)." Plaintiff's contention of threats and harassment, which are entirely disputed herein, without more, are far too speculative to establish "irreparable harm" for these purposes.

Here, the Plaintiff makes not particularized allegation of any "actual" and "imminent" harm and instead recounts vaguely and partially described instances where the Plaintiff disagrees with the decisions and results of prior disputes and proceedings made by any number of individuals, or broad and vague reference to other incidents disputed allegations, many of whom are not parties to this proceeding and who are not identified with any particularity. *Osuch v. Gregory*, 303 F Supp 2d 189 (D Conn. 2004)(Plaintiff not entitled to interim injunctive relief based on mere speculation that defendants act during pendency of case).

Moreover, in order to meet the constitutional minimum of standing to seek injunctive relief, Plaintiff must carry the burden of establishing that "he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (citations and internal quotation marks omitted). In doing this, he "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he ... will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir.1998); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (holding that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief...if unaccompanied by any continuing, present adverse effects").

Again, abstract injury is not enough; rather, "[t]he injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " *O'Shea*, 414 U.S. at 494, 94 S.Ct. 669; *Golden v. Zwickler*, 394 U.S. 103, 110 (1969). On this point we reiterate, while we submit that there is no obligation to substantively address the baseless allegations made by the Plaintiffs, we note our strong objection and dispute of the same.

*C. The injunctive relief requested is overly broad, barred, and improper.*

Finally, the injunctive relief requested by Plaintiff appears to relate primarily to broad, concepts, non-parties, and governmental or judicial system matters not contained within his Complaint. To the extent that the Plaintiff is attempting to force or prohibit some govnermental action, we would respectfully submit that this is not the appropriate Court or venue for such a request. Additionally, it is very unclear and possibly disputed

whether the City Defendants could implement the requested relief, given the realities of collective bargaining agreements, contractual rights, the legislative process in the City of Buffalo, and the vague nature of his complaints and requests, and we therefore further submit that there is no basis of the Court to even consider the relief here.

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. An injunction against a judicial officer is prohibited by § 1983 absent a showing that a prior declaratory judgment has been entered against the judicial officer in question and the judicial officer has violated that declaration. See, e.g., *Tesmer v. Granholm,* 333 F.3d 683, 703-704 (6th Cir. 2003) ("Failure of a judge unnamed in a declaratory decree to abide by such declaration does not allow a district court to throw caution to the wind and summarily bind all judges"), *rev'd on other grounds,* 125 S.Ct. 564 (2004). *See, also, Sundwall v. Leuba,* 2001 U.S. Dist. Lexis 737 (D.Conn. 2001), aff'd, 28 Fed. Appx. 11 (2002)(holding that injunctive relief was not available against state judges where a declaratory decree had not been violated).

Here, to the extent that it can be understood, the relief requested by Plaintiff appears to seek the type of injunction which would interfere with the larger governmental process and possibly the statute judicial system and normal exercise of public functions, which is improper under the theories alleged in the Complaint against the City Defendants. Moreover, and more practically, the type of relief requested against all parties is improperly broad, particularly to the extent that this is a disputed matter,

8

and the actions sought to be enjoined largely relate to regular public health and safety functions.

In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that principles of federalism, comity and equity require federal courts to abstain from enjoining ongoing state court criminal proceedings, except in specific and very narrow circumstances. *Id.* at 45 ("the normal thing to do when federal courts are asked to enjoin pending [state criminal] proceedings ... is not to issue such injunctions"). *See Williams v. Lambert,* 46 F.3d 1275, 1282 (2d Cir.1995) (*Younger* abstention applies "in absence of bad faith, fraud or irreparable harm"); *Davis v. Lansing,* 851 F.2d 72, 76 (2d Cir. 1988)("equitable principles" support denial of injunctive relief "unless there is a showing of irreparable harm that is both great and immediate"). The *Younger* abstention doctrine applies both to injunctive and declaratory relief. *Samuels v. Mackell,* 401 U.S. 66, 73–74, 91 S.Ct. 764, 27 L.Ed.2d 688 (1977).

*Younger* abstention is appropriate when (1) there is a state court proceeding pending at the time of the commencement of the federal litigation; (2) an important state interest is implicated; and (3) "the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for the Town of Springfield,* 56 F.3d 391, 393 (2d Cir.1995). *See also CECOS Int'l Inc. v. Jorling,* 895 F.2d 66, 70 (2d Cir.1990) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). All three of these requirements are clearly met in this case.

9

It appears that Plaintiff has commenced and been a party to numerous other proceedings in state court, satisfying the first requirement. With respect to the second requirement, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel*, 56 F.3d at 363 (citing *Middlesex County Ethics Comm.*, 457 U.S. at 432). *See also Davis*, 851 F.2d at 76 ("[t]here is no question that [an] ongoing prosecution implicates important state interests"). Finally, as to the third requirement, plaintiff will have the opportunity to raise his constitutional claims in the pending state criminal proceedings, as well as on direct appeal within the state courts, as well as through Article 78 Proceedings. *See Younger*, 401 U.S. at 49 (federal intervention not justified where pending state action "afford[ed] [plaintiff] an opportunity to raise his constitutional claims"); *Davis*, 851 F.2d at 76 (*Younger* abstention proper where plaintiff conceded he could raise any constitutional claims on direct appeal in the state courts).

Again, recognizing this a disputed matter, the City Defendants respectfully submit that such an overly broad injunction would be unworkable, possibly place the public at risk, and interfere with the governmental and State judicial system at several important levels. Moreover, the Plaintiff clearly has the opportunity for appeal and additional legal proceedings in the State Court, and will be able to pursue those appellate and other legal rights based on full and accurate records, not the limited scope here, and therefore will not suffer any harm be the denial of the instant Motion in this Court.

The balance of hardships therefore decidedly tip in favor of the public and the City Defendants in this case, particularly based on the record before the Court on this Motion.

Because it is the Plaintiff seeking this extraordinary relief, his Motion should therefore be denied.

## CONCLUSION

Plaintiff's Motion should be denied in its entirety.

Dated:  August 1, 2025
       Buffalo, New York

                                  CAVETTE A. CHAMBERS, ESQ.
                                  Corporation Counsel

                                  */s/Robert E. Quinn*
                                  Robert E. Quinn