UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAIAH THOMAS NEW,

                Plaintiff,

-vs-                  **CASE NO.: 1:25-cv-00578-JLS**

OFFICER WILLIAM C. MACY,
OFFICER JOSEPH R. HASSETT,
RJ,
JOAN DOE,
TEMPLE BETH ZION,
BUFFALO POLICE DEPARTMENT,
THE CITY OF BUFFALO,

                Defendants.

---

**MEMORANDUM OF LAW**

---

Marina A. Murray, Esq.
**SUGARMAN LAW FIRM, LLP**
Attorneys for Temple Beth Zion
1600 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 847-2523
mmurray@sugarmanlaw.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL ARGUMENT ........................................................................................................ 1

POINT I
THE PLAINTIFF'S MOTION IS
PROCEDURALLY DEFICIENT ........................................................................................ 1

POINT II
THE PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION MUST BE DENIED ........................................................ 1

    A.    The Plaintiff's Claims against TBZ are Meritless ...................................... 2

        1.    The Complaint Fails to State a Claim for Violation of
the Plaintiff's First Amendment Rights as against TBZ ..................... 3

        2.    The Plaintiff's § 1985 Conspiracy Claim is Meritless ........................ 5

        3.    The Plaintiff's Intentional Infliction of Emotional
Distress Claim is Meritless ................................................................. 6

    B.    The Plaintiff Will Not Be Irreparably Harmed ........................................... 7

    C.    The Balance of Equities Does Not Tip in the Plaintiff's Favor,
Nor is the Injunction in the Public's Interest .............................................. 8

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

Borey v. National Union Fire Ins. Co.,
 934 F.2d 30 (2d. Cir. 1991) .................................................................................................. 2

Breitkopf v. Gentile,
 41 F. Supp. 3d 220 (E.D.N.Y. 2014) ..................................................................................... 3

CF Fresh, LLC v. Carioto Produce, Inc.,
 2020 WL 6536472 .................................................................................................................. 8

Clark v. Tosco Corp.,
 2000 WL 33116539 (D. Conn. 2000) ..................................................................................... 3

Donohue v. Paterson,
 715 F. Supp. 2d 306 ........................................................................................................... 2,7

Faively Transport Malmo AB v. Wabtec Corp.,
 559 F.3d 110 (2d. Cir. 2009) .................................................................................................. 7

Gallop v. Cheney,
 642 F.3d 364 (2d. Cir. 2011) .................................................................................................. 6

Glossip v. Gross,
 576 U.S. 863 (2015) ................................................................................................................ 2

K.D. ex rel Duncan v. White Plains School Dist.,
 921 F. Supp. 2d 197 (S.D.N.Y. 2013) ..................................................................................... 5

Kilayko-Gullas v. East End Temple,
 2020 WL 4926155, *2 (S.D.N.Y. 2020) ........................................................................... 3,4,5

Logan v. City of Schenectady,
 2019 WL 3803631(N.D.N.Y. 2019) .................................................................................... 6,7

Ram v. Lal,
 906 F. Supp. 2d 59 (E.D.N.Y. 2012) .................................................................................. 2,3

Reuters Ltd. v. United Press Int'l, Inc.,
 903 F.2d 904 (2d. Cir. 1990) ............................................................................................... 2,7

Rodriguez v. Winski,
 973 F. Supp. 2d 411, 419 (S.D.N.Y. 2013) ......................................................................... 3,4

Rojas v. Alexander's Dept. Store, Inc.,
    924 F.2d 406 (2d. Cir. 1990) ........................................................................... 3

Romer v. Morgenthau,
    119 F. Supp. 2d 346 (S.D.N.Y. 2000) ........................................................... 5,6

Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich,
    426 U.S. 696 (1976) ........................................................................................ 3

Snider v. Dylag,
    188 F.3d 51 (2d. Cir. 1999) ............................................................................ 3

Thomas v. Roach,
    165 F.3d 137 (2d. Cir. 1999) .......................................................................... 5

USA Network v. Jones Intercable, Inc.,
    704 F. Supp. 488 (S.D.N.Y. 1989) ................................................................ 2

**Statutes**

Fed. R. Civ. P. 65(a) ............................................................................................ 1

42 U.S.C. § 1983 ............................................................................................. 3,4

42 U.S.C. § 1985 ............................................................................................ 2.5.6

**PRELIMINARY STATEMENT**

The following Memorandum of Law is respectfully submitted on behalf of defendant, Temple Beth Zion (hereinafter "TBZ"), in opposition to the plaintiff's motion pursuant to Fed. R. Civ. P. 65(a), which seeks an injunction permitting the plaintiff to attend religious services and congregate at TBZ pending the resolution of this action. For the reasons set forth below, the plaintiff's motion should be denied in its entirety.

**LEGAL ARGUMENT**

**POINT I**

**THE PLAINIFF'S MOTION IS PROCEDURALLY DEFICIENT**

Pursuant to Rule 7 of the Local Rules of Civil Procedure, a notice of motion is required for all motions, and failure to file or serve a notice of motion may be grounds for denial. Similarly, a memorandum of law and affidavit, declaration, or affirmation are required for all motions filed pursuant to Fed. R. Civ. P. 65(a), and failure to comply with these requirements may constitute grounds for resolving the motion against the non-complying party.

Here, the plaintiff relies solely on his unsworn "Motion for Emergency Injunction" dated June 25, 2025. The "motion" is devoid of a proper notice of motion, memorandum of law, or sworn affidavit, declaration, or affirmation. Therefore, the plaintiff's motion is deficient as a matter of law and should be dismissed in its entirety

**POINT II**

**THE PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION MUST BE DENIED**

It is well-settled that in order to obtain a preliminary injunction, a plaintiff must demonstrate (1) that he is likely to succeed on the merits of his claims; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief;  (3) that the balance of equities tips in his

1

favor; and (4) that an injunction is in the public interest. *See Glossip v. Gross*, 576 U.S. 863, 876 (2015). It is equally well-settled that a preliminary injunction is "an extraordinary remedy [that] should issue not upon a plaintiff's imaginative, worst case scenario of the consequences flowing from the defendant's alleged wrong but upon a concrete showing of imminent irreparable injury." *See Ram v. Lal*, 906 F. Supp. 2d 59, 68 (E.D.N.Y. 2012), quoting *USA Network v. Jones Intercable, Inc.*, 704 F. Supp. 488, 491 (S.D.N.Y. 1989). "The mere possibility of irreparable harm is insufficient." *See id.*, citing *Borey v. National Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d. Cir. 1991). Instead, it is the plaintiff's burden to show that the alleged injury is likely and imminent, not remote or speculative, and that the injury cannot be fully remedied by monetary damages. *See id.*, citing *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d. Cir. 1990); *see also Donohue v. Paterson*, 715 F. Supp. 2d 306, 315 (holding that a finding of irreparable harm is warranted when the plaintiff can convincingly show that there has been a constitutional violation that carries non-compensable damages).

In this case, the plaintiff has failed to establish that any of the aforementioned factors weigh in his favor, and therefore, the plaintiff's motion must be denied. Each point is argued more fully below.

**A. The Plaintiff's Claims Against TBZ are Meritless**

In his Complaint, the plaintiff purports to assert three causes of action against TBZ: (1) violation of the plaintiff's First Amendment rights (first cause of action), (2) conspiracy to violate the plaintiff's civil rights pursuant to 42 U.S.C. § 1985 (fifth cause of action), and (3) intentional infliction of emotional distress (eighth cause of action). However, as discussed more fully below, none of the plaintiff's claims against TBZ have merit.

1. **The Complaint Fails to State a Claim for Violation of the Plaintiff's First Amendment Rights as against TBZ**

To prevail on a § 1983 claim, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, and (2) by a person acting under the color of state law. *See Breitkopf v. Gentile*, 41 F. Supp. 3d 220, 241 (E.D.N.Y. 2014), citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d. Cir. 1999). "Private parties are generally not state actors, and therefore not usually liable under § 1983." *See Kilayko-Gullas v. East End Temple*, 2020 WL 4926155, *2 (S.D.N.Y. 2020); *see also Clark v. Tosco Corp.*, 2000 WL 33116539, *1 (D. Conn. 2000) (dismissing the plaintiff's § 1983 claims when the plaintiff failed to allege that any of the defendant churches were state actors). In fact, "private employers are not liable under § 1983 for the constitutional torts of their employees unless the plaintiff proves that the action pursuant to official policy of some nature caused the constitutional tort." *See id.*, quoting *Rojas v. Alexander's Dept. Store, Inc.*, 924 F.2d 406, 408 (2d. Cir. 1990) (internal quotation marks omitted).

The First Amendment provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." *See Ram v. Lal*, 906 F. Supp. 2d 59, 69 (E.D.N.Y. 2012). "[T]he general rule is that religious controversies are not the proper subject of civil court inquiry, and that a civil court must accept the ecclesiastical decisions of the church tribunals as it finds them." *See Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich*, 426 U.S. 696, 698 (1976); *see also Ram*, 906 F. Supp. 2d at 70 (noting that courts generally decline to intervene where issues relate to membership in the religious organization). "It is axiomatic that the First Amendment protects the rights to speak, publish, and assemble against abridgement only by the government." *See Rodriguez v. Winski*, 973 F. Supp. 2d 411, 419 (S.D.N.Y. 2013). Consequently, "[p]rivate actors are typically not subject to its

3

constraints, and owners of private property are generally permitted to exclude strangers without First Amendment limitations." *See id.*

Contrary to the plaintiff's misguided arguments, it is well-settled that he has no First Amendment right to attend services at TBZ, a private religious organization. Recently, the Southern District of New York ruled on nearly identical claims, ultimately dismissing the plaintiff's Complaint. *See Kilayko-Gullas v. East End Temple*, 2020 WL 4926155, *1 (S.D.N.Y. 2020). In *Kilayko-Gullas*, the plaintiff, an Asian female, alleged that her First Amendment rights were violated by the defendant, East End Temple. *See id.* The plaintiff alleged that she visited the temple to join its congregation and pray, but a security guard prohibited her from entering. *See id.* The security guard was a Special Police Officer under the New York City Administrative Code. *See Kilayko-Gullas*, 2020 WL 6292655, *2 (S.D.N.Y. 2020) (dismissing the plaintiff's Amended Complaint). The district court dismissed both the Complaint and, subsequently, the Amended Complaint, for failure to state a cause of action. Specifically, the court held that as a private religious organization, the East End Temple was not a state actor, nor did the plaintiff plausibly allege any facts suggesting that the security guard acted pursuant to a policy of the East End Temple. *See id.* In its order dismissing the plaintiff's Amended Complaint, the court emphasized that "[t]here is no right for individuals to exercise their First Amendment rights on private property owned by others." *See id.*

In this case, the plaintiff purports to allege that his First Amendment rights were violated by TBZ and others when he was asked to leave the TBZ premises following a Shabbat service on June 28, 2024. However, the Complaint is devoid of any allegations whatsoever that TBZ, a private religious organization, is a "state actor" for purposes of § 1983. Additionally, the Complaint is devoid of any allegations whatsoever that Officers Hassett and Macy were employed by TBZ

4

and/or that the officers acted pursuant to an official policy or custom maintained by TBZ. Notably, the plaintiff fails to plausibly allege any facts whatsoever that any employee of TBZ actually participated in his removal from the premises on June 28, 2024, thereby allegedly violating his First Amendment rights. In any event, as a private religious organization, TBZ had every right to remove the plaintiff, or any other individual for that matter, from its premises. Just as in *Kilayko-Gullas*, the plaintiff here is asking the Court to make him immune from private trespass laws, despite TBZ having every right to restrict access to its premises. There is no legal basis for the relief sought in the plaintiff's preliminary injunction. Consequently, the plaintiff's first cause of action is meritless, as is the basis for the plaintiff's preliminary injunction.

### 2. The Plaintiff's § 1985 Conspiracy Claim is Meritless

To state a valid cause of action under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the law, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *See K.D. ex rel Duncan v. White Plains School Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013), quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d. Cir. 1999). To withstand a motion to dismiss a § 1985 claim, "a plaintiff must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy." *See id.*, quoting *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000). "In addition, the plaintiff must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *See id.* "In order to plead a cognizable civil rights conspiracy claim under

5

§ 1985, a plaintiff is also required to allege that [he] was a member of a protected class, and that the conspirators acted with class-based, invidiously discriminatory motivation." *See id.* However, claims of conspiracy that contain only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights are meritless. *See id.*, quoting *Gallop v. Cheney,* 642 F.3d 364, 369 (2d. Cir. 2011).

Here, the plaintiff's Complaint is devoid of any plausible § 1985 conspiracy claim against the defendants, including TBZ. In fact, nowhere in the Complaint does the plaintiff allege that the defendants, including TBZ, conspired whatsoever, let alone in furtherance of depriving the plaintiff of his constitutional rights. The plaintiff does not allege any specific facts that indicate any sort of meeting of the minds between TBZ, the City of Buffalo, Officer Hassett, Officer Macy, RJ, and/or Joan Doe, let alone any agreement amongst the parties to violate the plaintiff's constitutional rights. Moreover, there are no allegations that any defendants, including TBZ, acted with an invidiously discriminatory animus, and as previously discussed, the plaintiff has failed to plausibly allege any constitutional violations against TBZ. Consequently, the plaintiff's fifth cause of action is meritless, as is the basis for the plaintiff's preliminary injunction, which seeks permission for the plaintiff to congregate at TBZ.

**3. The Plaintiff's Intentional Infliction of Emotional Distress Claim is Meritless**

To establish a claim of intentional infliction of emotional distress, a plaintiff must plead and prove: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *See Logan v. City of Schenectady*, 2019 WL 3803631, *8 (N.D.N.Y. 2019). "Liability has been found only where the conduct has been so outrageous in

6

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See id.*

Here, the plaintiff's eighth cause of action is meritless because the plaintiff's allegations fall drastically short of the "extreme and outrageous" standard. Once again, the crux of the plaintiffs' allegations is that he was removed from TBZ's premises after attending a Shabbat service on June 28, 2024. Even looking at these allegations in the light most favorable to the plaintiff, this "IIED" claim must be deemed meritless. Asking an unknown individual to leave private property, particularly while in the midst of a global antisemitic crisis, cannot be deemed "extreme and outrageous." In any event, nowhere in the Complaint does the plaintiff allege that any employee of TBZ was involved in his removal from the premises, therefore violating his alleged constitutional rights. The plaintiff also fails to allege that TBZ intended to cause, or disregarded a substantial probability of causing, severe emotional distress. Therefore, the plaintiff's eighth cause of action is meritless, as is the basis for the plaintiff's preliminary injunction.

### B. The Plaintiff Will Not Be Irreparably Harmed

As previously discussed, it is the plaintiff's burden to show that the alleged injury is likely and imminent, not remote or speculative, and that the injury cannot be fully remedied by monetary damages. *See id.*, citing *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d. Cir. 1990); *see also Donohue v. Paterson*, 715 F. Supp. 2d 306, 315. Moreover, a showing of irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." *See Faively Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d. Cir. 2009).

Here, the plaintiff has not sufficiently pled in the Complaint and/or the pending motion any particularization of actual or imminent harm or injury that will result should he not be permitted

to congregate at TBZ, nor has he provided any admissible evidence to support his claims. In fact, the plaintiff has failed to provide any argument whatsoever with regards to the "irreparable harm" analysis. To the contrary, it is undisputed that the plaintiff has never been a member of TBZ, and upon information and belief, the only time the plaintiff was on TBZ premises was for a brief period of time on June 28, 2024. *See* Graber Dec. It is not clear from the Complaint and/or motion papers whether the plaintiff is Jewish; however, even if he is, there is no reason why he cannot attend services at one of the twelve (12) other synagogues or temples in the Western New York area. The plaintiff has involved himself in active and contentious litigation against TBZ since the filing of his Order to Show Cause in September 2024. The plaintiff has absolutely no valid reason (or legal right) to begin attending services at TBZ now that he has brought a federal lawsuit against them, particularly when the plaintiff never previously attended services at TBZ. Stated differently, the plaintiff cannot suffer irreparable harm simply because he is now restricted from going somewhere that he never used to go in the first place. Therefore, the plaintiff's request for a preliminary injunction should be denied in its entirety.

    **C.   The Balance of Equities Does Not Tip in the Plaintiff's Favor, nor is the Injunction in the Public's Interest**

"A balance of equities tipping in favor of the party requesting a preliminary injunction means a balance of the hardships against the benefits." *See CF Fresh, LLC v. Carioto Produce, Inc.*, 2020 WL 6536472, *2. Stated differently, it is the plaintiff's burden to show that, if the injunction is issued, the benefit to him will outweigh the harm to other parties. *See id.* "Public interest is defined as "the general welfare of the pubic that warrants recognition and protection and/or something in which the public as a whole has a stake, especially an interest that justifies governmental regulation." *See id.* at *4.

8

In his motion, the plaintiff has not demonstrated how, if at all, the balance of equities weighs in his favor, nor has he provided any support for the argument that his own personal attendance of services at TBZ would somehow benefit the public as a whole. As previously discussed, the plaintiff is seeking to incur a benefit (i.e., attending services at TBZ) that he has no legal right to. The plaintiff does not provide any argument whatsoever as to how his attendance at TBZ will benefit him or the general public. The plaintiff is not a member of TBZ, nor has he ever previously attended services at TBZ. In fact, it is not even clear whether the plaintiff is Jewish. In any event, the plaintiff has every opportunity to attend services at another local synagogue or temple, of which there are many. The plaintiff will not obtain any benefit from attending services specifically at TBZ, but on the other hand, his attendance at TBZ may pose a serious risk of harm. Beginning with his Order to Show Cause in September 2024, the plaintiff has brought continuous and contentious litigation against TBZ. Given this active litigation, there is absolutely no reason why these opposing parties should now co-mingle. Upon information and belief, Officer Macey, Officer Hassett, and other BPD officers continue to be present at TBZ services and events, and yet, the plaintiff is in the process of seeking a protective order against these individuals.

TBZ has serious and valid concerns as to the plaintiff's intentions in suddenly attending services at TBZ when he has never done so previously. It is respectfully submitted that it is in the best interest of all named parties, as well as the general public, to deny the plaintiff's injunction. Denial of the plaintiff's injunction is the only way to ensure all parties' safety, as well as the safety of all congregants, while also respecting the litigation process and the general principle that opposing parties should not communicate or interact while in the midst of an ongoing lawsuit.

## CONCLUSION

For the foregoing reasons, the plaintiffs' preliminary injunction should be denied in its entirety.

Dated: August 8, 2025

                          Respectfully submitted,

                     /s/ Marina A. Murray
                    Marina A. Murray, Esq.
                    SUGARMAN LAW FIRM, LLP
                    Attorneys for Temple Beth Zion
                    Office and Post Office Address
                    1600 Rand Building
                    14 Lafayette Square
                    Buffalo, New York
                    Telephone: (716) 847-2523
                    Facsimile: (716) 847-2589
                    mmurray@sugarmanlaw.com