UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAIAH THOMAS NEW,

                      Plaintiff,        **ATTORNEY DECLARATION**

vs.                                         **Civil Case No.: 1:25-cv-00578-JLS**

OFFICER WILLIAM C. MACY (Badge P3417),
OFFICER JOSEPH R. HASSETT (Badge 962),
"RJ," JOAN DOE, TEMPLE BETH ZION,
BUFFALO POLICE DEPARTMENT, and
THE CITY OF BUFFALO

                      Defendants.

---

I, Marina A. Murray, Esq., pursuant to 28 US.C. § 1746, hereby state under penalty of perjury:

1.      I am an attorney duly licensed to practice law in the State of New York and before this Court, and a partner with the Sugarman Law Firm, LLP, attorneys for defendant, Temple Beth Zion (hereinafter "TBZ"). As such, I am fully familiar with the facts and circumstances set forth herein.

2.      This declaration is submitted in opposition to the plaintiff's motion for an emergency injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, which seeks permission from this Court for the plaintiff to attend religious services and congregate at TBZ pending the resolution of this action.

## RELEVANT PROCEDURAL HISTORY

3.      On or about September 12, 2024, the plaintiff filed an Order to Show Cause in Erie County Supreme Court under index number 813314/2024, which sought, inter alia, pre-suit discovery from TBZ and the City of Buffalo (hereinafter "the City").

1

4. That motion was heard in front of Hon. John H. Delmonte on January 23, 2025, and Judge DelMonte granted the motion in-part and ordered that TBZ and the City disclose certain pre-suit discovery to the plaintiff, including any video footage and/or written reports related to the June 28, 2024 incident.

5. Judge DelMonte's order was entered on or about June 6, 2025, and the matter was thereafter closed.

6. The plaintiff then commenced this action by filing a Complaint with this Court on July 2, 2025, a copy of which is attached as **Exhibit A**.

7. That same day, the plaintiff filed a motion for a preliminary emergency injunction, which seeks permission from this Court for the plaintiff to attend religious services and congregate at TBZ pending the resolution of this action. *See* Docket No. 4.

8. The plaintiff also filed a motion for a protective order against the City and Buffalo Police Department ("BPD"). *See* Docket No. 3.

9. On July 29, 2025, counsel for TBZ filed a Notice of Appearance and requested additional time to address the plaintiff's preliminary emergency injunction.

10. Pursuant to this Court's text order dated July 29, 2025, TBZ's opposition to the plaintiff's preliminary emergency injunction was due by August 8, 2025. Therefore, the underlying opposition is timely.

11. In the Complaint, the plaintiff alleges that he is an African-American individual residing in Buffalo, New York. *See* Exhibit A at ¶ 4.

12. The plaintiff further alleges that at approximately 8:00 p.m. on June 28, 2024, he attended a Shabbat service at TBZ after being invited by "RJ" and "Joan Doe." *See id.* at ¶ 10.

13. The plaintiff further alleges that after the service, he waited in line to speak to the

rabbi when he was approached by Officer Joseph Hasset, who demanded identification from the plaintiff. *See id.* at ¶ 15.

14. The plaintiff further alleges that he provided the requested identification but was nonetheless told by Officer Hassett and Officer Macy to leave the premises. *See id.* at ¶¶ 15-16.

15. The plaintiff further alleges that Officer Macy then physically pulled the plaintiff's arm, twisted it behind his back, and forcefully pushed the plaintiff from behind towards the sanctuary exit, causing the plaintiff to stumble toward the sanctuary floor and causing severe pain to the plaintiff's right shoulder and back, which necessitated emergency medical treatment on June 29, 2024. *See id.*

16. In the Complaint, the plaintiff purports to assert three causes of action against TBZ: (1) violation of the plaintiff's First Amendment rights (first cause of action), (2) conspiracy to violate the plaintiff's civil rights pursuant to 42 U.S.C. § 1985 (fifth cause of action), and (3) intentional infliction of emotional distress (eighth cause of action).

17. For all of the reasons set forth in the accompanying Memorandum of Law, the plaintiff's motion for an emergency injunction must be dismissed in its entirety.

18. I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, your deponent requests an Order denying the plaintiff's motion for an emergency injunction, in its entirety, and granting such other and further relief as to this Court seems just and proper.

Dated: August 8, 2025

                                                   /s/ Marina A. Murray
                                                  Marina A. Murray, Esq.