UNITED STATES DISTRICT COURT
FILED
AUG 3 1 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ISAIAH THOMAS NEW,
*Plaintiff,*
v.
WILLIAM C. MACY, et al.,
*Defendants.*

Case No. 1:25-cv-00578-JLS-LGF

# PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 37)

## PRELIMINARY STATEMENT

Plaintiff Isaiah Thomas New, appearing pro se, respectfully objects under Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C) to the Report and Recommendation entered July 30, 2026 (Dkt. 37) (the "R&R"), which recommends that this action be dismissed *with prejudice* for failure to prosecute and that Plaintiff's motion for a protective order (Dkt. 3) be denied as moot.

The R&R rests on a single premise—that Plaintiff failed to respond to the Court's orders, including the February 5, 2026 Order to Show Cause (Dkt. 36). That premise is refuted by the Court's own docket. On July 29, 2025, the District Court (Sinatra, J.) expressly recognized that Plaintiff's address had to be corrected, and **SO ORDERED** the Clerk to correct it to P.O. Box 209, Buffalo, NY 14215, and to re-mail the Court's prior orders and docket entries (Dkts. 5–12) to that corrected address. (Dkt. 13.) Sixteen days later—on August 14, 2025—the Court's mail to Plaintiff was again returned as undeliverable, because it had been sent not to P.O. Box 209, but to P.O. Box **290**. (Dkt. 29.)

In other words, the Court identified the very error that has now been held against Plaintiff, ordered it fixed, and the error persisted anyway. A litigant cannot be found to have "failed to prosecute" for not answering orders that the docket shows were mailed to a post-office box that is not his—after the Court had already ordered the address corrected. To convert the Clerk's

clerical misdelivery into a *with-prejudice*, merits-ending dismissal against the one party injured by that misdelivery would stand Rule 41(b) on its head. The R&R should be rejected.

## TIMELINESS

The R&R directs that objections are due "fourteen days from receipt." (Dkt. 37.) Plaintiff received the R&R on or about August 24, 2026, and files these objections within fourteen days of that receipt. They are therefore timely. See Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d). To the extent the period is measured from any earlier date, Plaintiff respectfully requests that the Court accept these objections and, in the alternative, extend the time under Federal Rule of Civil Procedure 6(b)(1), because the same misaddressing described below constitutes good cause and excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

## STANDARD OF REVIEW

When a party timely objects to a magistrate judge's recommendation on a dispositive matter, the district court must make a *de novo* determination of the portions to which objection is made, and may accept, reject, or modify the recommendation, receive further evidence, or return the matter with instructions. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Because Plaintiff proceeds pro se, his submissions must be construed liberally and read to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).

## RELEVANT PROCEDURAL HISTORY (FROM THE DOCKET)

1. July 2, 2025 — Plaintiff filed the Complaint (Dkt. 1), together with motions to proceed in forma pauperis (Dkt. 2), for a protective order (Dkt. 3), and for a preliminary emergency injunction (Dkt. 4).
2. July 3, 2025 — The Court granted in forma pauperis status and directed the United States Marshal to effect service. (Dkt. 5.)
3. July 29, 2025 — The Court's mail to Plaintiff was returned as undeliverable, "Attempted/Not Known." (Dkt. 9.)

4. July 29, 2025 — The District Court (Sinatra, J.) ordered: "The Clerk of Court is directed to correct Plaintiff's address to P.O. Box 209, Buffalo, NY 14215," and further directed the Clerk to mail that order and the Court's prior orders and docket entries (Dkts. 5–12) to Plaintiff's correct address. SO ORDERED. (Dkt. 13.)
5. August 4, 2025 — Defendant William C. Macy was served. (Dkt. 16.)
6. August 14, 2025 — The Court's mail to Plaintiff was again returned as undeliverable—this time because the Order (Dkt. 5) had been sent to "P.O. Box 290, Bflo, NY 14215." (Dkt. 29.)
7. September 16, 2025 — Summonses for the remaining Defendants were returned unexecuted. (Dkt. 30.)
8. November 25, 2025 — A Scheduling Order issued, following filings made by defense counsel. (Dkts. 31–33.)
9. February 5, 2026 — The Order to Show Cause issued, with a response due March 5, 2026. (Dkt. 36.)
10. July 30, 2026 — The R&R issued, recommending dismissal with prejudice for failure to prosecute. (Dkt. 37.)

The docket thus reflects two returned-mail events (Dkts. 9, 29), a District Judge's order correcting the address to P.O. Box 209 (Dkt. 13), and—sixteen days after that order—mail still being sent to the wrong box, P.O. Box 290 (Dkt. 29). The intervening scheduling and mediation activity was generated by the appearing parties; nothing in the record establishes that the Order to Show Cause (Dkt. 36) ever reached Plaintiff at his correct address of record.

## ARGUMENT

### I. The R&R's Sole Premise—That Plaintiff Failed to Respond—Is Refuted by the Court's Own Record of Misaddressed Mail.

Due process requires notice "reasonably calculated, under all the circumstances," to apprise a party of the matters requiring a response. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Mail directed to a post-office box that is not the party's—and that the Court had already ordered corrected—is not reasonably calculated to reach him. The record here is not one

of a plaintiff ignoring the Court; it is one of a Court, through the Clerk, repeatedly failing to reach the plaintiff at the address the Court itself had fixed.

A dismissal for failure to prosecute must rest on the plaintiff's own conduct—on delay or default fairly attributable to him. Where the asserted "failure" is instead the product of a clerical misdelivery, the predicate for Rule 41(b) is absent. Plaintiff cannot have defaulted on orders the docket shows he was never sent. That alone requires rejection of the R&R.

## II. Under the Governing Five-Factor Test, De Novo Review Forecloses Dismissal.

In this Circuit, a district court weighs five factors before dismissing under Rule 41(b): (1) the duration of the plaintiff's failures; (2) whether the plaintiff had notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between calendar congestion and the plaintiff's right to be heard; and (5) the adequacy of lesser sanctions. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); accord U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (no single factor is generally dispositive); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014). Each factor here weighs against dismissal.

**Factor 1 (duration and fault).** The early record shows vigorous prosecution: within weeks Plaintiff filed a complaint and three motions, obtained in forma pauperis status, secured Marshal service, and litigated (Dkts. 1–4, 16, 24). Any later gap coincides precisely with the period during which the Court's mail was bouncing back undeliverable (Dkts. 9, 29). A delay caused by the Court's own misaddressing is not chargeable to the plaintiff. See Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

**Factor 2 (notice).** This factor is decisive and it fails entirely. The notice that matters is the Order to Show Cause (Dkt. 36)—the one document warning that dismissal was imminent. Nothing in the record shows it reached Plaintiff, and the documented pattern of misdelivery (Dkt. 29) shows why it would not have. A plaintiff who never received the warning cannot be dismissed for disregarding it. Baptiste, 768 F.3d at 217.

**Factor 3 (prejudice).** Defendants appeared, answered motions, and obtained a full scheduling order (Dkts. 8, 10, 15, 17, 33). They identify no evidence lost, no witness gone, and no burden

beyond ordinary litigation. Absent a particularized showing, prejudice is not presumed from a delay of this character. Drake, 375 F.3d at 256; Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998).

**Factor 4 (balance).** The Court's interest in managing its calendar does not outweigh a pro se plaintiff's right to be heard on the merits where the only "delay" flows from a mailing error the Court had already ordered corrected. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209–10 (2d Cir. 2001).

**Factor 5 (lesser sanctions).** The R&R does not appear to have considered any sanction short of the most severe one available. Yet the defect is fully curable by the simplest of means: re-mailing the operative orders to P.O. Box 209 and permitting Plaintiff to respond. A court must consider lesser sanctions before dismissing, and the availability of an obvious, costless cure defeats dismissal. Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467–68 (2d Cir. 2013).

## III. Dismissal WITH PREJUDICE Is the Harshest Sanction Available and Is Manifestly Unwarranted—Especially Against a Pro Se Plaintiff.

Dismissal under Rule 41(b) is "a harsh remedy" reserved for "extreme situations," and dismissal *with prejudice* is the most severe form of that remedy. Baptiste, 768 F.3d at 217; LeSane, 239 F.3d at 209; Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980). Courts must be "especially hesitant" to impose it on a party proceeding pro se, and the law's strong preference is for resolution on the merits. Baptiste, 768 F.3d at 217; Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).

This case is the opposite of the "extreme situation" the sanction exists to address. The record is not one of willful defiance; it is one in which the District Judge *recognized the address error, ordered it corrected*, and the error nonetheless persisted—with the Court's mail still going to P.O. Box 290 more than two weeks later. (Dkts. 13, 29.) To end Plaintiff's case forever on that record would punish him for a failure that was not his. Nothing about that is "extreme" conduct by the plaintiff; it is an extreme *consequence* imposed for the Court's own clerical error. Rule 41(b) does not permit that result.

At the very least, if any deficiency is thought to remain, the appropriate course is a lesser, curative one—not the permanent extinction of Plaintiff's claims. See Spencer, 139 F.3d at 112–13 (with-prejudice dismissal of pro se plaintiff vacated where lesser measures were available).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) decline to adopt the Report and Recommendation (Dkt. 37); (2) deny dismissal of this action; (3) direct the Clerk to confirm and correct Plaintiff's address of record to P.O. Box 209, Buffalo, NY 14215, and to re-mail the Order to Show Cause (Dkt. 36) and any other operative orders to that address; (4) grant Plaintiff leave to respond to the Order to Show Cause and to participate in the schedule going forward; and (5) grant such other relief as is just and proper.

Dated: August 31, 2026
Buffalo, New York

Respectfully submitted,

**Isaiah Thomas New**
Plaintiff, Pro Se
P.O. Box 209
Buffalo, NY 14215