UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISAIAH THOMAS NEW,

Plaintiff,

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

-vs-

**CIV NO.: 25-CV-578-JLS(F)**

OFFFICER WILLIAM C. MACY,
OFFICER JOSEPH R. HASSETT,
"RJ,"
JOAN DOE,
TEMPLE BETH ZION,
BUFFALO POLICE DEPARTMENT,
CITY OF BUFFALO,

Defendants.

## PRELIMINARY STATEMENT

Defendant, Temple Beth Zion ("TBZ"), respectfully submits the following response to the plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Leslie G. Foschio, filed on July 30, 2026, which recommended dismissal of the plaintiff's Complaint with prejudice for failure to prosecute. The R&R also dismissed the plaintiff's motion for a protective order as moot.

"Pursuant to 28 U.S.C. § 636(b)(1)(C), where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Infantino v. Sealand Contractors Corp.*, 565 F. Supp. 3d 347, 354 (W.D.N.Y. 2021) (quotation marks omitted). "After conducting its review, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)). In this case, TBZ respectfully requests that this Court adopt the R&R in full and dismiss the plaintiff's Complaint in its entirety and with prejudice.

## LEGAL ARGUMENT

## POINT I

## THE PLAINTIFF HAS FAILED TO PROSECUTE HIS CLAIMS

The plaintiff's Complaint, which was filed over one year ago on July 2, 2025, purports to allege eight causes of action arising from the alleged violation of the plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. As to TBZ, the plaintiff alleges that the defendant violated his First Amendment right to freedom of religion, intentionally inflicted emotional distress, and conspired with all defendants to violate the plaintiff's constitutional rights. *See* Docket No. 1. However, a review of the docket report in this matter confirms that the plaintiff has failed to prosecute his claims for the past year and continues to do so.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b), a district court can dismiss an action if the plaintiff fails to prosecute his claims or fails to comply with the Rules of Civil Procedure or a court order, including a scheduling order. *See, e.g., Jones v. City of Rochester*, 2022 WL 1668508 (W.D.N.Y. 2022); *Feurtado v. City of New York*, 225 F.R.D. 474 (S.D.N.Y. 2004). The Second Circuit has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp v. Loews Corp.*, 682 F.2d 37, 42 (2d. Cir. 1982). Similarly, this Court's Local Rule 41(b) states that a judge may issue an order dismissing a civil case if it is pending for more than six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months. *See* Loc. R. Civ. P. 41(b). "Although dismissal is a hard remedy to be utilized only in extreme situations, the authority to invoke it for failure to prosecute

is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Feurtado*, 225 F.R.D. at 477 (internal quotation marks omitted). Additionally, "pro se litigants have an obligation to comply with a court's orders, and when they fail to do so, they, like all litigants, must suffer the consequences of their actions." *See Jones v. City of Rochester*, 2022 WL 1668508, *3 (W.D.N.Y. 2022), quoting *Hibbert v. Apfel*, 2000 WL 977683, *3 (S.D.N.Y. 2000).

When considering a Rule 41(b) dismissal, the Court must analyze the following five factors:

(1) the duration of the plaintiff's failure to comply with the court order;
(2) whether the plaintiff was on notice that failure to comply would result in dismissal;
(3) whether the defendants are likely to be prejudiced by the further delay in the proceedings;
(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and
(5) whether the judge has adequately considered a sanction less drastic than dismissal

*See Lucas v. Miles*, 84 F.3d 532, 534-35 (2d. Cir. 1996).

**A.**
**The Plaintiff has Significantly Delayed the Action**

"Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration." *See Jones*, 2022 WL 1668508 at *3. "However, a short delay in litigation may still result in a proper dismissal if the plaintiff has engaged in a pattern of intransigence such as continuously failing to comply with court orders relating to discovery." *See id.; see also Peters-Turnbull v. Board of Educ. of City of New York,* 1999 U.S. Dist. LEXIS 16079, at *8 (S.D.N.Y. 1999) (holding that a delay between five and ten months was "comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.")

In this case, the plaintiff has not actively litigated his claims for nearly a year. For starters, the plaintiff failed to file any reply to the defendants' oppositions to his preliminary

motions, which were filed back in August 2025. *See* Docket Nos. 15, 17. Thereafter, the plaintiff failed to appear at the August 13, 2025 conference. *See* Docket No. 26. Despite advising the Court that he intended to file an amended motion and/or amended pleadings back on August 13, 2025, the plaintiff still has not done so to date (and the deadline to do so has long since passed). The plaintiff also failed to provide the Court with a proposed case management order.

Nevertheless, the Court issued a scheduling order on November 25, 2025, a copy of which was mailed to the plaintiff's correct address. *See* Docket No. 33. The plaintiff does not argue that he failed to receive this scheduling order; however, to date the plaintiff has failed to comply with this order. For example, the plaintiff has not provided his initial Rule 26 disclosure to the defendants, nor has the plaintiff initiated discovery. The plaintiff also failed to respond to multiple requests by both TBZ and the assigned mediator, Amanda Williams, Esq., to schedule the initial mandatory mediation session. *See* Exhibit C. Again, the plaintiff does not argue that he failed to receive these multiple emails, and in fact, he responded to the email chain on February 17, 2026, yet ignored the parties' request to schedule the mediation. *See id.*

In other words, the plaintiff has not done anything to move his case forward since filing his Complaint and the initial motions back in July 2025. Furthermore, the plaintiff has failed to meet every deadline contained within the scheduling order to date. As of the date of this filing, the plaintiff has not provided his Rule 26 disclosure, moved to opt out of ADR, agreed to a mediation date, moved to amend his Complaint, or initiated discovery. This duration of inactivity falls well within the sufficient time frame to a warrant a dismissal. *See Jones*, 2022 WL 1668508 at *3.

**B.**
**The Plaintiff was Provided Sufficient Notice**

"With respect to a *pro se* plaintiff, the Second Circuit has noted that the notice given regarding dismissal must be more specific, in that at least one notice must warn the plaintiff that their failure to respond will result in dismissal." *See Jones*, 2022 WL 1668508 at *4.

In this case, the November 25, 2025 scheduling order, the February 5, 2026 Order to Show Cause ("OTSC"), and the July 30, 2026 R&R were mailed to the plaintiff at the correct address. The entirety of the plaintiff's opposition rests on the assertion that the OTSC was mailed to the wrong address. However, a review of the docket confirms that all filings from August 14, 2025 to present have been mailed to the plaintiff's correct address and no documents, including the scheduling order and OTSC, were returned as "undeliverable." It is unclear how or why the plaintiff did not receive the OTSC when it was mailed to the correct address. Notably, the plaintiff admits to being in receipt of the "scheduling and mediation activity [sic] generated by the appearing parties." In any event, the plaintiff did receive the R&R, which he properly opposed. However, nowhere in the opposition does the plaintiff explain, let alone address, why he has failed to comply with the scheduling order, nor has the plaintiff provided any explanation as to why he ignored the numerous emails sent regarding mediation. The plaintiff was properly put on notice of the potential dismissal and to date, he has failed to comply with any part of the Court's scheduling order. Therefore, the Complaint should be dismissed in its entirety and with prejudice.

**C.**
**The Defendants have been Prejudiced by the Significant Delay**

"Prejudice to a defendant resulting from unreasonable delay may be presumed as a matter of law when a plaintiff fails to respond to discovery demands, comply with court orders, or

provide information that may be crucial to the defendant's defense of the actions." *See Jones*, 2022 WL 1668508 at *4.

Here, prejudice to the defendants should be presumed because the plaintiff has failed to provide any discovery and has not made any progress with his case for over a year. To date, the plaintiff has failed to provide his Rule 26 disclosure, initiate discovery, or attend mediation. Most importantly, it has been over a year since the plaintiff indicated that he was going to file an amended motion and/or Complaint following a subsequent incident with the Buffalo Police Department. The defendants have never been provided with any information whatsoever as to what allegedly occurred back on August 7, 2025. Plaintiff is not only delaying the case itself but also hindering the ability of the defendants to exchange meaningful discovery and prepare for motion practice. Therefore, the plaintiff's Complaint should be dismissed in its entirety and with prejudice.

**D.**
**The Court's Docket Balance Weighs in Favor of a Dismissal**

The Court "must strike a balance between alleviating the congestion of its calendar and protecting [plaintiff's] right to due process and his chance to be heard." *See Coss v. Sullivan Cnty. Jail Adm'r*, 171 F.R.D. 68, 72 (S.D.N.Y. 1997). "Plaintiff's failure to act for a lengthy duration, failure to respond to defendant's discovery demands, and failure to respond to various motions more than adequately establishes that the case serves as nothing more than to congest the court's docket and divert the court's attention from other matters." *See Jones*, 2022 WL 1668508 at *4, quoting *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016) (internal quotation marks omitted); *see also Henderson v. Levy*, 2019 WL 1410867, *12 (W.D.N.Y. 2019) (finding that a plaintiff who failed to respond to court orders, engage in discovery, or explain why his case should not be dismissed cannot be seen as a denial of the plaintiff's right to due

process or to present their case). Notably, the Western District of New York is one of the more heavily congested district courts in the country. *See Shapiro v. Darel*, 2023 WL 553501, *2 (W.D.N.Y. 2023).

Here, the plaintiff has failed to act for nearly one year without any explanation. The plaintiff never filed a reply to the oppositions filed by the defendants back in August 2025, nor has the plaintiff provided any discovery or participated in any mediations. In fact, the plaintiff was completely unresponsive to the defendants' request that a mediator be selected and a mediation date scheduled. The plaintiff has shown no continued interest in litigating his claims since August 2025, and therefore, his Complaint should be dismissed with prejudice.

**E.**
**Dismissal is the Only Appropriate Sanction**

"Courts in this Circuit have determined that monetary sanctions are usually not appropriate for a *pro se* and/or *in forma pauperis* plaintiff." *See Jones*, 2022 WL 1668508 at *4; *see also Henderson*, 2019 WL 1410867 at *12. "Although dismissal with prejudice is a harsh remedy to be utilized only in extreme situations, a case may be dismissed when there are no lesser sanctions that are suitable." *See id.,* quoting *Lyell*, 682 F.2d at 42; *Coss*, 171 F.R.D. at 72 (internal quotation marks omitted). Specifically, where a *pro se* plaintiff has flagrantly disobeyed multiple court orders over the span of many months, dismissal is the only effective and appropriate remedy. *See id.*

Given that this plaintiff is *pro se* and proceeding *in forma pauperis*, monetary sanctions would not be appropriate. Further, and as previously discussed at length, the plaintiff has failed to comply with all deadlines set in this case, so there is no indication that monetary sanctions would persuade the plaintiff's participation. Therefore, the only appropriate sanction at this juncture is dismissal with prejudice.

**CONCLUSION**

For the foregoing reasons, TBZ respectfully requests that this Court adopt the Report and Recommendation in full, and that the plaintiff's Complaint be dismissed in its entirety and with prejudice.

Dated: September 9, 2026

_*/s/ Marina A. Murray*
Marina A. Murray, Esq.
Sugarman Law Firm, LLP
Attorneys for Temple Beth Zion
1600 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Telephone: (716) 847-2523
mmurray@sugarmanlaw.com